## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ELLSWORTH EVARTS,

             Plaintiff,

v.

QUINNIPIAC UNIVERSITY,

             Defendant.

Civil Action No.
3:15 - CV - 1509 (CSH)

JUNE 10, 2016

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

### I.  INTRODUCTION

In October of 2015, *pro se* plaintiff Ellsworth Evarts commenced this wrongful termination action against Quinnipiac University, his former employer, for violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*   In his Complaint,  Plaintiff alleges that the university failed to afford him "reasonable accommodation," and  in fact "refused [him the opportunity] to return to work" following a surgery he underwent.[1]  Doc. 1, at 3.  He thus seeks "backpay" and "monetary damages" in the form of "lost wages and retirement benefits."  *Id.*, at 5.

Following the filing of the Complaint, Plaintiff took no action in this matter.  He filed no proof of service on  the Defendant and no additional pleadings.  On May 27, 2016, the Court entered

---

[1]  Neither Plaintiff's job title nor a description of his position at Quinnipiac University is provided in his Complaint.

an Order, noting that "[m]ore than 90 days have elapsed since the complaint was filed but [P]laintiff has not made proof of service as required by Fed. R. Civ. P. 4(l)."[2]  Doc. 5.  The Court thus ordered Plaintiff to "show cause on or before June 9, 2016 as to why this action should not be dismissed." *Id.*

On June 7, 2016, Plaintiff filed a timely response to the Court's Order by letter,  requesting a continuance of the matter so that he can secure the services of Attorney James Sabatini or other counsel to help him pursue this action. Doc. 6, at 1.  Plaintiff explained that he was under the misimpression that he had to  await word from the Court to proceed in this action:

> When I filed [the Complaint] I was told the court would decide if the lawsuit would move forward through the court.  I was awaiting notice that my lawsuit would be heard and instead received Notice of Electronic Filing. . . . The reason no filing was made is I never got notice my case would be heard.  If I received a notice my case was going forward I would have filed the notice of service to the defendants.

*Id.*[3]  Evarts  also assured the Court that he has obtained a "P.O. Box now so in the future [he] should not have a problem receiving [his] mail."  *Id.*

## II.  DISCUSSION

### A.  Requirements for Service

Under the Federal Rules of Civil Procedure, upon the filing of the complaint, the plaintiff has

---

[2]  The amendment to Rule 4(m), Fed. R. Civ. P., shortening "the presumptive period for serving a defendant from 120 days to 90 days" became effective on December 1, 2015. *See* "Committee Notes to Rule 4  - 2015 Amendment."  Even employing the longer 120-day period which was in effect when Plaintiff initially filed his Complaint (October 16,  2015), the requisite period for service had expired by the date of the Court's Order [Doc. 6], May 26, 2016.

[3]  With respect to Evarts's  allegation that he was "told [that] the court would decide if the lawsuit would move forward through the court," there is no indication whom he believes gave him this information.

the duty to serve the summons and complaint upon the defendant.[4]  In particular, pursuant to Rule 4(c)(1), Fed. R. Civ. P., "[t]he plaintiff is responsible for having the summons and complaint served [upon the defendant] within the time allowed by Rule 4(m)," which was, at the relevant time in this action, 120 days after the complaint was filed.[5]  *See also* Fed. R. Civ. P. 4(h) (describing service upon a corporation, partnership of association).  Absent proper service, the Court lacks personal jurisdiction over the unserved defendant.[6]

Furthermore, under Rule 4(m), Fed. R. Civ. P., if a defendant is not served within the requisite period after the complaint is filed, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[7]  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*

## B.  Pro Se Status - Grounds for Leniency

Due to his *pro se* status, the Court is inclined to treat Plaintiff Evarts with leniency and thereby provide him additional time to correct his failure to effect service and/or return proof of that

---

[4] Under Fed. R. Civ. P. 4(b), "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal" and "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.*"  See also* D. Conn. L. Civ. R. 4(a) ("Issue and Service").

[5] *See* n. 2, *supra.*

[6] The Court notes that a defendant may also waive the right to receive service.  *See* Fed. R. Civ. P. 4 (d).  "When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver."  *Id.* 4(d)(4).  No waiver has been presented by Plaintiff in this action.

[7] The applicable period of service in this matter was 120 days.  *See* n.2, *supra*.

service.  Such judicial forbearance conforms with the Second Circuit's general approach of leniency toward *pro se* litigants. For example,  in evaluating facial plausibility of claims, "[*p*]*ro se* complaints are to 'be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Maki v. New York*, 597 F. App'x 36, 36 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006)).  *See also Frederick v. Wells Fargo Home Mortg.*, No. 15-1457, 2016 WL 2893211, at *1 (2d Cir. May 18, 2016) ("We will liberally construe complaints filed pro se to state the strongest arguments that they suggest.").

Plaintiff is advised, however, that despite such leniency, all parties, even those who are *pro se*, must abide by the procedural rules of the Court, both Federal and Local.  Specifically, parties "are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (quoting  *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir.1995). "This is especially true in civil litigation." *LoSacco* , 71 F.3d at 92.  *See also  McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

## C.    Court's Findings

In the case at bar, there is no proof that Plaintiff has effected service upon Quinnipiac or that the university waived such service.   The Court thus lacks personal jurisdiction over Quinnipiac. Because the mandatory period for service has expired,  the Court must either  dismiss the action without prejudice or order service by a set deadline.  *See* Fed. R. Civ. P. 4(m);  *Eiden v. McCarthy*, 531 F.Supp. 2d 333, 343 (D.Conn. 2008).

As set forth *supra*, in light of Plaintiff Evarts's *pro se* status and resulting difficulties in comprehending procedural law, the Court will exercise leniency in the interest of justice and set extended, but final deadlines for service and proof of service. It is clear from Plaintiff's June 7 submission that he did not purposefully neglect this action. Rather, he failed to comprehend the service requirements under Federal Rule 4 of Civil Procedure. He specifically stated that he "was awaiting notice [from the Court] that [his] lawsuit would be heard." Doc. 6, at 1. Therefore, "[t]he reason no filing was made" was that he "never received notice [his] case would be heard." Evarts further asserted that it is his "intention to see this case through," and with that in mind, he has "been in touch with Attorney James Sabatini about this case" and plans to "pursue his services if [the Court] w[ill] give [him] a continuance and not dismiss the case." *Id.* Moreover, Plaintiff represents that the "case is very important to [his] family." *Id.*

### III.  CONCLUSION

After careful consideration of Plaintiff's June 7 submission, the Court concludes that there was no willful failure to (1) serve the Defendant or (2) prosecute the action. Rather, Plaintiff failed to comprehend the procedural requirements of service to pursue his action. Accordingly, the Court GRANTS, for good cause pursuant to Rule 4(m), Fed. R. Civ. P., Plaintiff's request for an extension to effect proper service as follows. On or before **July 11, 2016**, Plaintiff must make proper service on Defendant under the Federal and Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 4 and D. Conn. L. Civ. R. 4. Plaintiff must thereafter, on or before **July 15, 2016**, file proof of service with the Court in compliance with both the Federal and Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(l)(1); D.Conn. L. Civ. R. 5(c). In filing such proof, Plaintiff is directed to indicate that service

was in fact made on the Defendant, including when and by whom it was served and received.

The deadlines of July 11 for service and July 15 for filing proof of service are *peremptory* – *i.e.*, there will be no further extensions.  Should Plaintiff fail to comply with these deadlines, his Complaint will be dismissed in its entirety without prejudice.

The foregoing is So ORDERED.

Dated: New Haven, Connecticut
        June 10, 2016

                                    */s/Charles S. Haight, Jr.*
                                    CHARLES S. HAIGHT, JR.
                                    Senior United States District Judge