## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELLSWORTH EVARTS, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-01509-CSH |
| | : | |
| v. | : | |
| | : | |
| QUINNIPIAC UNIVERSITY, | : | |
| | : | |
| Defendant. | : | MAY 4, 2017 |
| | : | |

### DEFENDANT'S MOTION TO COMPEL INITIAL DISCLOSURES
### AND REQUEST FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 37(a), defendant Quinnipiac University ("defendant") hereby moves for an Order compelling plaintiff's responses and production of documents responsive to the Initial Discovery Protocols for Employment Cases Alleging Adverse Action (the "Protocols").  Additionally, absent a showing of substantial justification, defendant asserts that sanctions are warranted to reimburse defendant for its reasonable attorneys' fees incurred in making its Motion and any related motion practice.

### FACTUAL HISTORY

1.      On October 16, 2015, plaintiff filed a complaint alleging defendant discriminated against him on the basis of his disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and violated his rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*.

2.      On October 16, 2015, the Court entered an Order regarding the Protocols, which notes that the Protocols "are designed to achieve the goal of more efficient and targeted discovery."  (Docket No. 3).

3.      Plaintiff served defendant on July 11, 2016 after receiving an extension of time to effect proper service on defendant.  (Docket Nos. 7, 9).

4.      On November 10, 2016, the parties submitted their Proposed Planning Report pursuant to Fed. R. Civ. P. 26(f) ("26(f) Report").  (Docket No. 16).

5.      Pursuant to the parties' 26(f) Report, the parties agreed that responses to initial discovery protocols were due within 30 days of the Court's approval of the report.

6.      On January 20, 2017, the Court approved the parties' 26(f) report and entered a scheduling order, which set a discovery deadline of June 30, 2017.  (Docket No. 17).

7.      Thirty days from the Court's approval of the 26(f) report was February 19, 2017, a Sunday.  The Court was closed on Monday, February 20 for President's Day.  In accordance with Fed. R. Civ. P. 6, responses were accordingly due on Tuesday, February 21, 2017.

8.      The parties stipulated to a joint one-week extension of time to respond, making the Protocols due February 28, 2017.

9.      Defendant served plaintiff with its responses to the Protocols on February 28, 2017.

10.      Having neither received plaintiff's responses nor heard from plaintiff's counsel regarding an additional extension of time, undersigned counsel emailed plaintiff's counsel on March 16, 2017 inquiring as to the status of the overdue responses.  (Exhibit A).

11.      Plaintiff's counsel did not reply to undersigned counsel's email as requested.

12.      On April 3, 2017, having heard nothing back from plaintiff's counsel, undersigned counsel emailed plaintiff's counsel to again inquire as to the status of the overdue responses, and requested that plaintiff's counsel advise as to when the responses would be provided.  (Exhibit A).

13.     Plaintiff's counsel did not respond to the April 3, 2017 email.

14.     Having still heard nothing back from plaintiff's counsel, undersigned counsel once again sent an email to him on April 17, 2017, again inquiring as to the status of the responses.  Undersigned counsel noted that failure to respond to the Protocols by April 28, 2017 would force defendant to seek this Court's intervention. (Exhibit A).

15.     Plaintiff's counsel did not respond to the April 17, 2017 email.

16.     Plaintiff failed to provide any responses to the Protocols by April 28, 2017.

17.     On May 1, 2017, undersigned counsel sent yet another email, once again advising plaintiff's counsel that defendant would seek this Court's intervention if responses were not provided, and that defendant's motion to compel would include a request for sanctions. (Exhibit A).

18.     Plaintiff's counsel did not respond to the May 1, 2017 email.

19.     At the time of this filing, plaintiff has yet to provide responses to the Protocols.

## ARGUMENT

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).  Fed. R. Civ. P. 37(a)(1) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."

Plaintiff has failed to discharge his discovery obligations by neglecting to respond at all to the Protocols, despite repeated attempts by defendant's counsel to elicit the responses. Plaintiff's noncompliance with the Federal Rules and the Court's Order regarding the Protocols, particularly in light of plaintiff's counsel's abject failure to respond to numerous inquiries regarding the status of the Protocol responses, have left defendant with no alternative but to file

the instant motion to compel seeking responses and sanctions under Fed. R. Civ. P. 37. Accordingly, defendant requests that this Court enter an Order pursuant to Fed. R. Civ. P. 37(a)(1) compelling plaintiff to immediately respond to the Protocols.

Upon granting a motion to compel, a court "must" award the moving party "reasonable expenses incurred in making the motion, including attorney's fees," unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.   Fed. R. Civ. P. 37(a)(5)(A).   See Bourke v. Man Engines & Components, Inc., No. 3:14CV843, 2016 WL 730696, at *1 (D. Conn. Feb. 23, 2016)(ordering plaintiffs to pay defendant's attorneys' fees and costs in connection with motion to compel plaintiff's deposition and other discovery); Spencer v. Kenny, No. 3:11-CV-50, 2015 WL 6958009, at *2 (D. Conn. Nov. 10, 2015)("Defendant has not met his burden of establishing that his failure to comply with plaintiff's discovery requests was 'substantially justified' or that there exist 'other circumstances [that would] make an award of expenses unjust.'   Under these circumstances, the court is constrained to award fees."); Komondy v. Gioco, No. 3:12-CV-250, 2015 WL 1311314, at *3-4 (D. Conn. Mar. 23, 2015)(ordering attorneys' fees and costs to defendant who moved to compel plaintiff's responses written discovery).

Defendant will submit an affidavit of the expenses incurred in connection with this motion within seven (7) days if the Court grants this motion.

## CONCLUSION

For the foregoing reasons, defendant requests that this Court enter an Order requiring plaintiff to respond immediately to the Protocols compelling plaintiff to respond immediately to the Protocols and sanctioning plaintiff for his failure to timely provide the responses by ordering him to promptly reimburse defendant, in accordance with Fed. R. Civ. P. 37(a)(5)(A), for the

reasonable expenses and attorneys' fees incurred in making this motion and for all other relief

the Court deems appropriate under the circumstances.

Respectfully submitted,

DEFENDANT,
QUINNIPIAC UNIVERSITY


By: */s/ Caroline B. Park*
        Lawrence Peikes (ct07913)
        lpeikes@wiggin.com
        Caroline B. Park (ct29049)
        cpark@wiggin.com
        WIGGIN AND DANA LLP
        Its Attorneys
        Two Stamford Plaza
        281 Tresser Boulevard
        Stamford, CT 06901
        (203) 363-7600
        (203) 363-7676 (fax)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 4th day of May, 2017, a copy of the foregoing Defendant's

Motion to Compel Initial Disclosures And Request For Sanctions was filed electronically and

served via U.S. mail, postage prepaid, to:

James F. Sullivan, Esq.
jfs@hksflaw.com
Howard, Kohn, Sprague & Fitzgerald, LLP
P.O. Box 261798
Hartford, CT 06126-1798


*/s/ Caroline B. Park*
Caroline B. Park

7377\352\3513542.v1