## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ELLSWORTH EVARTS,

           Plaintiff,

v.

QUINNIPIAC UNIVERSITY,

           Defendant.

Civil Action No.
No. 3:15-cv-1509 (CSH)


**JUNE 21, 2017**

## RULING ON DEFENDANT'S MOTION TO COMPEL INITIAL DISCLOSURES AND REQUEST FOR SANCTIONS [DOC. 18]

### I.   INTRODUCTION

Plaintiff  Ellsworth  Evans, a Public Security Officer,  brings this civil action against his employer, Defendant Quinnipiac University ("Quinnipiac'), alleging that it discriminated against him on the basis of a physical disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*

Defendant has filed a motion [Doc. 18] for an order to compel Plaintiff to provide discovery responses pursuant to this District's "Initial Discovery Protocols for Employment Cases Alleging Adverse Action" (herein  the "Protocols").  Moreover, due to Plaintiff's counsel's failure to respond to Defendant's counsel's repeated requests for Plaintiff's overdue discovery responses, and "absent a showing of substantial justification, [D]efendant asserts that sanctions are warranted to reimburse [it] for its reasonable attorneys' fees incurred in making its Motion and any related motion practice." Doc. 18, at 1.   This Ruling resolves Defendant's motion.

1

## II.  <u>FACTUAL BACKGROUND</u>

Plaintiff is a Public Safety Officer employed by Quinnipiac.  On October 16, 2015, Plaintiff commenced this action by filing a complaint against Quinnipiac, alleging violations of the ADA and FMLA.  In his Complaint, he alleges that from January 24, 2014, to June 28, 2014, Quinnipiac failed to "afford [him] reasonable accomodation [sic]" after he had back surgery.  Doc. 1, ¶¶ 7, 9.  In particular, he alleges that Quinnipiac "sent [him] home" and "refused to [allow him] to return to work even after [his] surgeon released [him] for duty."[1]  *Id.*, ¶ 7.  *See also* Doc. 16, at 2 (III.A.).  According to Plaintiff, Quinnipiac also "insisted [his] FMLA [benefits] had expired in an attempt to vacate [him]" or place him on vacation. Doc. 1, ¶ 7.  Plaintiff subsequently filed charges with the Equal Employment Opportunity Commission ("EEOC") and received a "Notice of Right to Sue" letter on or about July 21, 2015.  *Id.*, ¶¶ 10-11 (& attached "Dismissal and Notice of Rights," dated 7/17/2015).  Plaintiff alleges that he has the necessary documentation to show that the alleged discrimination occurred.  *Id.*, ¶ 12.

In his prayer for relief, Plaintiff seeks "backpay" and "[m]onetary damages," which he describes as "lost wages" and "retirement benefits." *Id.*, at 4-5.  He also demands a trial by jury. *Id.*, at 5.

On October 16, 2015, the same date the Complaint was filed, the Clerk of the Court filed a "Notice of the Initial Discovery Protocols" on the case docket.  The District of Connecticut has adopted these Protocols to "apply to all employment cases that challenge one or more actions alleged

---

[1]  It is undisputed that the date upon which Plaintiff returned to work as a Public Safety Officer for Quinnipiac after his back surgery was June 28, 2014.  Doc. 16, at 3 (IV.1.-2.).

2

to be adverse," with limited exceptions.[2]  The exceptions include (1) class actions and (2) cases which allege only the following: discrimination in hiring; harassment/hostile work environment; violation of wage and hour laws under the Fair Labor Standards Act (FLSA); failure to provide reasonable accommodations under the ADA; violations of the FMLA; and violations of the Employee Retirement Income Security Act ("ERISA").  Doc. 3, at ¶ B.1.-6.  Moreover, "[i]f the Initial Discovery Protocols DO NOT apply, the plaintiff's counsel or any pro se plaintiff must file the attached statement by no later than seven days after the filing of this notice" of said protocols on the case docket.  Doc. 3, at 1, & Doc. 3-1 (Attachment).  The attachment asserts, "The Initial Discovery Protocol does not apply to this case." Doc. 3-1.

If the Protocols apply to a case, "[t]he plaintiff's Initial Discovery shall be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the Court rules otherwise."[3]  Initial Discovery Protocols, at 2.  The Protocols detail a list of "[d]ocuments which the Plaintiff must produce to the Defendant."  *Id.*  Such documents include, *inter alia*, "[a]ll communications concerning the factual allegations or claims at issue" in the lawsuit and "[d]ocuments concerning the terms and conditions of the employment relations at issue." *Id.*  The Protocols also  list "[i]nformation that Plaintiff must produce to Defendant," such as the names of the "persons the plaintiff believes to have a knowledge of the facts concerning the claims or defenses at issue" in his lawsuit, the "categories of damages" he claims, and whether he has applied for

---

[2]  The Initial Discovery Protocols in employment cases were endorsed by the Judicial Conference Advisory Committee on Civil Rules and "are designed to achieve the goal of more efficient and targeted discovery."  Doc. 3, at 1.

[3]  Under the Protocols, the Defendant is also required to provide "Initial Discovery . . . within 30 days after the defendant has submitted a responsive pleading or motion."  Initial Discovery Protocols, at 4.

disability benefits and/or social security benefits after the adverse action" of the employer.[4]  *Id.*, at 2-3.

In the case at bar, on October 19, 2015, the date when the Clerk filed the Protocols Notice, Plaintiff was *pro se*.  He made no response to the Protocols (*i.e.*, did not file the attached notice disclaiming their application).  After ninety (90) days elapsed after the filing of the Complaint without proof of service upon Defendant, the Court ordered Plaintiff to show cause why his action should not be dismissed pursuant to Rule 41(b), Fed. R. Civ. P.  *See*  Doc. 5.  Plaintiff responded by requesting a "continuance in this matter" and  advising the Court that he would seek the services of counsel, specifically Attorney James Sabatini or "another attorney."   Doc. 6 (Letter from Plaintiff to Hon. Charles S. Haight, Jr., dated  6/7/2016).  Extending leniency to Plaintiff as a *pro se* litigant, in the interest of justice, the Court granted the extension [Doc. 7].  On September 9, 2016, Attorney James F. Sullivan entered an appearance on behalf of Plaintiff in this action.  He continues to represent Plaintiff to date.

---

[4]  The various documents and categories of information the parties must produce under the Protocols fall within the broad scope of permissible discovery described in Rule 26, which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Furthermore, "[t]his obviously broad rule is liberally construed." *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991).

After conferring, counsel for the parties filed a joint "Report of Parties' Planning Meeting" pursuant to Federal Rule of Civil Procedure 26(f). Doc. 16 (filed 11/10/2106). In that Report, the parties agreed that, with respect to discovery, "[r]esponses to initial discovery protocols will be due within 30 days of this Court's entry of a scheduling order." *Id.*, at 4-5 (V.E.2.). At no place in the Report did Plaintiff's counsel dispute that the Initial Discovery Protocols applied to this action.

On January 20, 2017, after reviewing the parties' joint Rule 26(f) Report, the Court approved the report, as modified, and entered a Scheduling Order, setting forth the case deadlines. In particular, the Court ordered that "[a]ll discovery, including the depositions of fact witnesses and expert witnesses, shall be completed by 6/30/2017." Doc. 17.

Thirty days after the Court entered the Scheduling Order, the date when the parties' discovery responses became due, was February 21, 2017.[5]   The parties thereafter "stipulated to a joint one-week extension of time to respond, making the Protocols due February 28, 2017." Doc. 18, at ¶ 8. Defendant served Plaintiff with its responses on February 28, 2017. *Id.*, ¶ 9. However, Plaintiff failed to serve his discovery responses on Quinnipiac.

Since February 28, 2017, Defendant's counsel has emailed Plaintiff's counsel requesting Plaintiff's responses on four occasions: March 16, April 3, April 17, and May 1 of 2017. *See* Doc. 18-1 (Ex. A) (series of emails sent from Attorney Caroline B. Park to Attorney James Sullivan). In particular, on April 17, 2017, Quinnipiac's counsel, Attorney Park, wrote to Plaintiff's counsel, Attorney Sullivan:

---

[5]   As Defendant properly noted, thirty days after the January 20, 2017, Scheduling Order was actually February 19, 2017. However, that day was a Sunday and the following day, February 20, the Court was closed for President's Day.  "In accordance with [the computational directions of] Fed. R. Civ. P. 6," the parties' discovery responses were due on Tuesday, February 21, 2017.  Doc. 18, ¶ 7. *See also* Fed. R. Civ. P. 6(a)(1)(C).

We have still not received your initial disclosures or a response to the emails below requesting that you let us know when we can expect to receive them. Please be advised that we plan to file a motion to compel if we do not receive your responses by next Friday, April 28.

Doc. 18-1 (Ex. A), at 2.

Finally, on May 1, 2017, Park emailed Sullivan, stating: "We are in the process of drafting our motion to compel, which will include a request for sanctions." *Id.* Therefore, if Sullivan planned to produce Plaintiff's "long overdue initial disclosures, and obviat[e] the need for a motion to compel," he must notify Park "as soon as possible." *Id.* As on the occasions of the three previous emails, Sullivan failed to reply.

On May 4, 2017, Defendant filed the present motion to compel Plaintiff's initial disclosures and for sanctions. Doc. 18. To date, Plaintiff has not responded to Defendant's motion to compel, and the 21-day period to respond to that motion expired on May 25, 2017. *See* D.Conn. L. Civ. R. 7(a)2 ("Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion . . . ."). Plaintiff has failed to object to the motion or contest the facts as presented by Defendant's counsel.

### III. DISCUSSION

#### A. Motion to Compel

As described above, Defendant now moves, pursuant to Federal Civil Rule 37(a), for an order to compel Plaintiff to provide discovery responses in conformance with the Initial Discovery Protocols. *See* Doc. 18. Defendant has complied with the prerequisite of Rule 37(a)(1) by making "good faith" efforts to obtain the discovery "without court action."[6] Specifically, Defendant's

---

[6] Rule 37(a)(1), Fed. R. Civ. P., states, in pertinent part:

counsel made four good faith attempts, through emails to Plaintiff's counsel, to obtain the overdue discovery responses. However, Plaintiff has failed to respond and/or comply in any way. Doc. 18-1 (Ex. A).

Pursuant to Federal Civil Rule 26(a), a party has a duty to make an "initial disclosure" for purposes of discovery. Moreover, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Defendant asserts that "Plaintiff's noncompliance with the Federal Rules and the Court's Order regarding the Protocols, particularly in light of [P]laintiff's counsel's abject failure to respond to numerous inquiries regarding the status of the Protocol responses, have left [D]efendant with no alternative but to file the instant motion to compel seeking responses and sanctions under Fed. R. Civ. P. 37." Doc. 18, at 3-4.

Examining the facts, the Court notes that the Initial Discovery Protocols explicitly exempt claims such as those brought by Plaintiff. Namely, Plaintiff's claims arise under the ADA and the FMLA. The Initial Discovery Protocols exempt "[c]ases in which the allegations involve only the following: "4. Failure to provide reasonable accommodations under the American[s] with Disabilities Act (ADA);" and 5. Violations of the Family Medical Leave Act (FMLA)." It seems clear that "no later than seven days after the filing of [the Initial Discovery Protocols] [N]otice," Plaintiff could have filed the requisite statement that "[t]he Initial Discovery Protocol does not apply to this case." *See* Doc. 3 ("Notice to Parties re Initial Discovery Protocols for Employment Cases

---

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Alleging Adverse Actions," filed 10/16/2015). Plaintiff made no such filing.

At the time the Clerk filed the Notice of the Protocols on the docket, Plaintiff was a *pro se* litigant in this action. Nevertheless, as worded, the mandate on the Notice very clearly stated that if Plaintiff believed that the Protocols did not apply to his case, he or his counsel must "file the attached statement by no later than seven days" after the filing of the Notice. Moreover, even if the Court were to excuse Plaintiff's failure to file the statement based on his *pro se* status, Attorney James F. Sullivan thereafter entered an appearance on behalf of Plaintiff and never filed the statement denying the applicability of the Protocols or raised the issue of inapplicability with the Court. *See* Doc. 14 (Notice of Appearance by Sullivan, 9/9/2016). Instead, on behalf of Plaintiff, Sullivan jointly stipulated in the parties' Rule 26(f) Report that "[r]esponses to initial discovery protocols [would] be due within 30 days of this Court's entry of a scheduling order." Doc. 16, at 4-5 (V.E.2.). In other words, not only did Sullivan fail to assert that the Initial Discovery Protocols do not apply to this case, he stipulated to a particular discovery deadline to make responses to initial discovery protocols. Under such circumstances, the Court finds that Plaintiff has agreed to the application of the Protocols to his case. *See, e.g.*, *Scott Mirmina v. Genpact LLC*, No. 3:16-CV-00614(AWT), 2017 WL 2559733, at *4 (D. Conn. June 13, 2017) ("The Court's order requires that if the parties believe the Protocols do not apply in a given case, a form be filed to that effect. . . . No such form was filed in this case, so the Court assumes the parties are in agreement that the Protocols apply."); *Kimbro v. I.C. Sys., Inc.*, No. 3:01 CV 1676 (DJS), 2002 WL 1816820, at *1 (D. Conn. July 22, 2002) ("[A] party which fails to object to a discovery request waives any objections it otherwise might have made.").

To date, Plaintiff has failed to make the requisite discovery responses under the Protocols. These responses are long overdue because, as stipulated by the parties, they have been due since February 28, 2017.  Doc. 18, at ¶ 8.  Given Plaintiff's counsel's failure to respond to all four email requests by Defendant's counsel, there is no indication that Plaintiff intends to provide these discovery responses.  Under these circumstances, the Court will grant Defendant's motion to compel. Plaintiff will be ordered to serve the requisite discovery responses on or before July 7. 2017.

**B.      Motion for Sanctions**

Pursuant to Federal Rule of Civil Procedure 37, if a district court grants a motion to compel – "or if the disclosure or requested discovery is provided after the motion was filed" –  "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

In the case at bar, upon granting Defendant's motion to compel, the Court must, after giving Plaintiff an opportunity to be heard, award sanctions to Defendant to pay its reasonable attorney's fees, and expenses in bringing this motion to compel unless Plaintiff's nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." *Id.* 37(a)(5)(A) (ii)-(iii).  Accordingly, Plaintiff will be given a designated period from entry of this Order to show cause why such sanctions should not be awarded.

**C.      Defiance of a Court Order and/or Failure to Prosecute**

Finally, Plaintiff is advised that should he fail to provide the requisite initial discovery responses under the Protocols by the designated deadline, he may be subject to sanctions, including,

9

*inter alia*, the dismissal of his action for violation of a court order.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v).[7]

Moreover, Plaintiff's counsel's continuing lack of attention to this case, including failure to serve mandatory discovery responses, may constitute a failure to prosecute this action.  A plaintiff has a duty to comply with and facilitate, rather than hinder or fail to participate in, discovery. Consequently, if Plaintiff fails to comply with this Court's Order to serve Defendant with his discovery responses by the designated deadline, he risks having his action dismissed on the basis of "failure to prosecute." *See, e.g.*, *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.

---

[7]  Rule 37 provides, in pertinent part:

If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule. . .  37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

1990) ("The imposition of sanctions under Rule 37 is within the discretion of the district court and a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion.") (citation and internal quotation marks omitted).

In addition to awarding the sanctions set forth in Rule 37(a), a district court has discretion to dismiss an action involuntarily for failure to prosecute under Rule 41(b), Fed. R. Civ. P. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Alvarez v. Simmons Mkt. Research Bureau*, 839 F.2d 930, 932 (2d Cir. 1988). As Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." *Id.*

Involuntary dismissal is "one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court" so that " it is reserved for use only in the most extreme circumstances." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). A district court may only consider utilizing this drastic sanction after "a careful weighing of its appropriateness." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996).[8]

Involuntary dismissal is not before the Court at this time. However, to avoid the possibility

---

[8] Regarding involuntary dismissal, relevant factors for a court's consideration include: (1) the duration of the plaintiff's failures; (2) whether he/she received notice that further delays would result in dismissal; (3) whether the defendant will likely be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion with a party's right to due process and a fair chance to be heard; and (5) an adequate assessment of the efficacy of lesser sanctions. *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994). *See also*, *e.g*, *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001).

of sanctions, which may include involuntary dismissal, Plaintiff must prosecute his action with diligence by providing the mandated discovery responses and complying with court orders. He has brought this action, seeking his day in court, and has described his case as "very important to [his] family." Doc. 6, at 1. It is incumbent upon him to prosecute this action.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS "Defendant's Motion to Compel Initial Disclosures and Request for Sanctions" [Doc. 18]. Specifically, the Court hereby ORDERS Plaintiff to serve his initial discovery protocols on Defendant on or before **July 7, 2017.**

Furthermore, because the Court has granted Defendant's motion to compel discovery, the Court must provide Plaintiff, the party whose conduct necessitated the motion to compel, and/or his attorney, an opportunity to be heard before requiring him to pay the Defendant's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Absent a showing that Plaintiff's nondisclosure was "substantially justified" or "other circumstances" exist which "make an award of expenses unjust," Defendant is entitled to recover its reasonable expenses and attorney's fees incurred in bringing this motion to compel. *Id.* 37(a)(5)(A)(ii)-(iii).[9] *See also Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 117 (S.D.N.Y. 2011) ("The disobedient party has the burden of 'showing that his failure is justified or that special circumstances make an award of expenses unjust.'") (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)).

---

[9] The Court does not refer to the first exception for awarding the sanction of reasonable expenses and attorney's fees – when "the movant filed the motion [to compel] before attempting in good faith to obtain disclosure or discovery without court action" – because that exception is inapplicable on the facts of the case. *See* Fed. R. Civ. P. 37 (5)(A)(i).

The Court notes that, at the present time, there are no facts demonstrating that Plaintiff's failure to provide his initial discovery responses was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). In fact, he stipulated to the production of said responses by the extended due date of February 28, 2017. Moreover, there are no indications on the record that there are "other circumstances [which would] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Even were Plaintiff to now argue that the "discovery sought was objectionable," that excuse would be unacceptable because he failed to move for a protective order under Rule 26(c). *Id.* 37 (d)(2).

Under these circumstances, on or before **July 14, 2017**, Plaintiff must show cause: (1) why Plaintiff was "substantially justified" in his repeated failure to provide the requisite discovery responses under the Protocols; and/or (2) why it would be "unjust" for the Court to award reasonable expenses and attorney's fees to Defendant in connection with its motion to compel. Furthermore, the Court clarifies that both Plaintiff and his counsel may be liable to pay any awarded reasonable expenses and attorney's fees regarding Defendant's motion to compel and Plaintiff's failure to serve his discovery responses upon Defendant.

Finally, in order to receive an award of reasonable expenses and attorney's fees, Defendant's counsel must  present contemporaneous time records, describing the names, experience, and expertise of the attorneys, their hourly rates,  and the particular services rendered in preparing and filing the motion to compel, in  compliance with the Second Circuit's articulated requirements in *New York Association for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). As the Second Circuit has mandated, these time records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* The deadline for Defendant to submit these records is **July 14,  2017**.

13

All of the foregoing is SO ORDERED.

Dated: New Haven, Connecticut
         June 21, 2017

                                        /s/Charles S. Haight, Jr.
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge