UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELLSWORTH EVARTS,

        Plaintiff,

v.

QUINNIPIAC UNIVERSITY,

        Defendants.

Civil Action No.
No. 3:15-cv-1509 (CSH)

DECEMBER 6, 2017

## RULING ON DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND ORDER REGARDING REQUEST FOR SANCTIONS [DOC. 23]

Plaintiff Ellsworth Evans brings this civil action against Defendant Quinnipiac University ("Quinnipiac') alleging that it discriminated against him on the basis of his disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*. The facts of this case are set forth in this Court's previous "Ruling," 2017 WL 2676405, at *1-3 (D.Conn. June 21, 2017), familiarity with which is assumed.

On October 19, 2017, Defendant filed a motion pursuant to Rule 37(a), Fed. R. Civ. P., requesting an order to compel Plaintiff to answer Defendant's "First Set of Interrogatories and Request for Production," dated August 8, 2017, and to impose monetary sanctions on Plaintiff for his failure to respond. *See* Doc. 23. The due date for said responses was September 7, 2017; and Defendant's counsel had made several attempts to contact Plaintiff to obtain the responses. *See* Doc. 23-2 (Affidavit of Defendant's counsel, Caroline B. Park).

On November 8, 2017, one day before Plaintiff's deadline to respond to "Defendant's Motion

to Compel," Plaintiff filed an "Objection" [Doc. 27] to that motion, stating that "on this date, November 8, 2017," he had "answered the defendant Quinnipiac University's First Set of Interrogatories and Request for Production." He had also "produced documents Bate Stamped 1-525 in response" to said request for production. Doc. 27, at 1.

Defendant confirmed receipt of Plaintiff's responses in a motion for extension of the dispositive motion deadline in light of Plaintiff's late service of his responses on November 8, 2017. *See* Doc. 28. The Court extended that deadline to December 8, 2017.

The fourteen (14) day deadline for Defendant to file a reply to Plaintiff's "Objection to the Motion to Compel" has expired and Defendant has filed no such reply. *See* D. Conn. L. Civ. R. 7(d). Under these circumstances, the Court has no evidence to suggest that Defendant has found Plaintiff's responses to be unsatisfactory, incomplete, or deficient. Therefore, the Court DENIES AS MOOT Defendant's "Motion to Compel." [Doc. 23].

However, with respect to the Defendant's "Request for Sanctions" [Doc. 23], in light of the fact that the "disclosure or requested discovery [was] provided after the motion [to compel] was filed[,] the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff and his counsel are hereby notified and ORDERED that on or before **December 20, 2017**, they must file a written response to this Order and/or request a hearing to show cause why they should not be required to pay Defendant's reasonable expenses incurred in making the present motion to compel, including attorney's fees. *Id.* Absent a showing that Plaintiff's failure to comply was "substantially justified," or that "other circumstances make an award of expenses

unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii), this Court "must" impose said costs and fees upon Plaintiff and/or his counsel.

Finally, on or before **December 20, 2017**, Defendant is ORDERED to present evidence to the Court of the "reasonable expenses" and "attorney's fees" incurred in making the motion to compel. Included in Defendant's submissions should be receipts to document expenses and contemporaneous attorney's records regarding the legal services provided (the name(s) and experience level(s) of counsel, dates, numbers of hours, and description of services rendered). *See New York Ass'n of Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) ("announc[ing] for the future that contemporaneous time records are a prerequisite for attorney's fees in this Circuit") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440-41 (1983) (Burger, *C.J.*, concurring)).

Upon review of the parties' submissions, the Court will either set a date for oral argument – if such argument is requested and/or would assist the Court – or rule on the papers. Finally, Plaintiff is reminded that this is the *second occasion* on which he has failed to provide timely discovery responses. Future such incidents may result in additional sanctions in accordance with Fed. R. Civ. P. 16(f), 37.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
December 6, 2017

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge